ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **OBE E. JOHNSON**<br><br>Apelante<br><br>v.<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO p/c SECRETARIO DE JUSTICIA; DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN; DEPARTAMENTO DE HACIENDA**<br><br>Apelado | KLAN202400973 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Civil Núm.: **GM2023CV01010**<br><br>Sobre: Mandamus |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de noviembre de 2024.

Comparece ante nos, por derecho propio y como indigente *(in forma pauperis)*, Obe E. Johnson (Johnson o apelante), quien se encuentra confinado en la Institución Correccional Guayama 1000, bajo la custodia del Departamento de Corrección y Rehabilitación (DCR).[1] A pesar de que Johnson no indica de que dictamen recurre, éste nos solicita que ordenemos al Departamento de Hacienda de Puerto Rico pagarle cierto estímulo económico distribuido a causa de la emergencia por el Covid-19.

Analizado el recurso, y, sin ulterior trámite, resolvemos desestimar el recurso de referencia por falta de jurisdicción.[2]

---

[1] Se declara *Ha Lugar* la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* instada por Johnson.

[2] A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...". Ante ello, prescindimos de la comparecencia de la parte apelada.

**I.**

El 14 de diciembre de 2023, Johnson incoó ante el TPI un recurso de *Mandamus* contra el Gobierno de Puerto Rico, por conducto del Secretario de Justicia; el DCR y el Departamento de Hacienda (apelados). Ello, con el propósito de que se realizara el pago de los estímulos económicos de $1,200.00, $600.00 y $1,400.00, concedidos por el Congreso de los Estados Unidos bajo el *Coronavirus Aid Relief and Economic Security Act* (*CARES Act*) y bajo el *COVID Related Tax Relief Act of 2020* (CRTRA). En la demanda, adujo que, en junio de 2022 y marzo de 2023, respectivamente, envió cartas al Departamento de Hacienda solicitando el desembolso de los mencionados fondos, pero no recibió pago alguno. Añadió que incluso completó una planilla en el DCR que se le requirió para procesarlo.

Tras evaluar la solicitud de Johnson, el 15 de diciembre de 2023, el Tribunal de Primera Instancia emitió una *Sentencia,* por medio de la cual desestimó, sin perjuicio, la demanda de *mandamus.* El TPI explicó que el Departamento de Hacienda le ofrece a Johnson un proceso adecuado y eficaz para poder solicitar y comenzar el trámite de evaluación ante dicha agencia. Lo anterior, para determinar si se cumplen con los requisitos para recibir el pago del impacto económico concernido. Particularizó que, toda vez que existe un remedio en ley para ese asunto, procedía que se desestimara la acción de *mandamus* presentada, sin perjuicio. El foro *a quo* precisó que Johnson debía cumplir con el procedimiento creado por el Departamento de Hacienda y agotar dicho remedio.[3]

Inconforme, Johnson acude ante este Foro.

---

[3] Examinamos el expediente ante el TPI a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC). En su *Sentencia,* el TPI anejó el formulario del Departamento de Hacienda que Johnson debía cumplimentar.

## II.

### A.

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

### B.

Como se sabe, el *mandamus* es un recurso altamente privilegiado y discrecional mediante el cual se exige a una persona natural o jurídica el cumplimiento de un deber ministerial dentro de las atribuciones o deberes del cargo que ocupa. Artículo 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; *Kilómetro O v. Pesquera López et. al.*, 207 DPR 200 (2021). Un deber es ministerial si se trata "de un mandato específico que la parte demandada tiene que cumplir y que no le permite decidir si cumple o no el acto solicitado". *AMPR v. Srio. Educación, E.L.A.*, 178 DPR 253, 264 (2010). Debido a su naturaleza extraordinaria, el *mandamus* está disponible exclusivamente cuando "el peticionario carece de un recurso adecuado y eficaz en el curso ordinario de la ley". Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423; *Aponte Rosario et al. v. Pres. CEE II*, 205 DPR 407 (2020).

A tenor con lo anterior, la petición de *mandamus* debe justipreciarse a la luz de diversos requerimientos, entiéndase: (1) que el demandado tenga un deber u obligación ministerial impuesto por ley; (2) que el peticionario tenga un interés especial en el derecho que reclama; (3) que el deber de actuar de la agencia y el derecho

del peticionario surjan de la ley de forma clara y patente; (4) que el peticionario no tiene otro remedio legal para hacer valer su derecho; y (5) que, estimado el efecto que tendrá la expedición del auto, el Tribunal entienda que los fines de la justicia obligan a su expedición. Véase, 32 LPRA secs. 3421-3423.

### III.

En su escueto escrito, aunque Johnson no hizo señalamiento de error alguno, expresa que no ha recibido el pago del estímulo concernido distribuido por el Departamento de Hacienda, por lo cual solicita que ordenemos a la agencia a emitirlo. Expone que cumplimentó el formulario de pago de impacto económico del Departamento de Hacienda que se le requirió como parte de los procesos. Argumenta que, aunque ha agotado todos los recursos administrativos disponibles, tanto en el Departamento de Corrección y Rehabilitación, como en el Departamento de Hacienda, no ha recibido el pago de los tres (3) estímulos económicos federales.

Analizada la situación fáctica que nos ocupa, colegimos que carecemos de jurisdicción para atender el petitorio de Johnson. Lo anterior, toda vez que no contamos con una determinación administrativa o judicial para revisar. Ahora bien, si, en efecto, el miembro de la población correccional completó el formulario que el foro primario le facilitó, lo presentó ante el Departamento de Hacienda y aún no ha recibido contestación, este podrá, de entenderlo necesario, incoar una nueva demanda en el TPI. Nótese que, en diciembre de 2023, el foro de instancia desestimó el *Mandamus* sin perjuicio. Solo luego de que Johnson acredite dichos procesos estaríamos ante una decisión del TPI revisable.

En conclusión, procede la desestimación del recurso de apelación instado por Johnson por falta de jurisdicción.

## IV.

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La Juez Barresi Ramos concurre con el resultado sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones